IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORGE A. MARTINEZ, | No. 4:23-CV-00154 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

MEMORANDUM OPINION

AUGUST 31, 2023

Petitioner Jorge A. Martinez, an inmate in federal custody, filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He attempts to collaterally attack his multiple convictions and life sentence imposed nearly two decades ago in the United States District Court for the Northern District of Ohio. The Court will dismiss Martinez's Section 2241 petition for lack of jurisdiction.

**I.    BACKGROUND**

Martinez—previously an anesthesiologist—was convicted by a jury in 2006 of 8 counts of distribution of controlled substances, 15 counts of mail fraud, 10 counts of wire fraud, 21 counts of health care fraud, and 2 counts of health care fraud resulting in death of patients.[1] He was sentenced to life imprisonment and

---

1   *United States v. Martinez*, 588 F.3d 301, 306, 308 (6th Cir. 2009).

ordered to pay restitution in the amount of $14,322,03.12.[2] His convictions and sentence were affirmed on appeal.[3]

Martinez pursued post-conviction relief in the trial court and in the United States Court of Appeals for the Sixth Circuit. In 2011, he filed a 628-page motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the sentencing court.[4] The district court dismissed Martinez's Section 2255 motion because it greatly exceeded the 20-page limit provide by the local rules of court.[5] The Sixth Circuit vacated that order and remanded the case to permit Martinez to refile a compliant Section 2255 motion.[6]

Martinez filed a new motion that was 23 pages long but was accompanied by a 628-page "affidavit," which was merely his initial noncompliant Section 2255 motion relabeled as an affidavit.[7] The district court granted the government's motion to strike the Section 2255 motion but gave Martinez one final opportunity to file a compliant motion (and warned Martinez that failure to do so would result in dismissal of his case).[8] Martinez failed to refile a compliant Section 2255 motion, and the district court—as it had warned—dismissed his motion for post-

---

[2] *Id.* at 309.
[3] *Id.* at 306.
[4] *Martinez v. United States*, 865 F.3d 842, 843 (6th Cir. 2017).
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*

conviction relief and denied a certificate of appealability.[9] The Sixth Circuit affirmed the dismissal.[10]

Undeterred, Martinez attempted to reopen his federal habeas proceedings in 2016, 2017, and 2018 by filing various motions under Federal Rule of Civil Procedure 60.[11] All these additional attempts to collaterally attack his convictions were rejected.[12] In 2018, the Sixth Circuit denied Martinez authorization to file a second or successive Section 2255 motion and also denied a certificate of appealability as to a motion for reconsideration he filed in the district court.[13]

In 2019, Martinez returned again to the district court, attempting to file another Section 2255 motion.[14] In this motion, Martinez raised—among other claims—an actual innocence claim based on the Supreme Court's decision in *Burrage v. United States*, 571 U.S. 204 (2014). That claim was denied by the district court, which found that *Burrage* did not entitle Martinez to relief because, *inter alia*, the court had "instructed the jury as to [the] appropriate standard" of causation and because "the standard applied to [Martinez's] case was actually a stricter causation standard than the one applied in *Burrage*" so Martinez could not

---

9 *Id.* at 843-44.
10 *Id.* at 844.
11 *See Martinez v. United States*, Nos. 4:04-cr-430; 4:18-cv-1206, 2019 WL 1559175, at *2 (N.D. Ohio Apr. 10, 2019).
12 *Id.*
13 *Id.*
14 *Id.*

have been prejudiced by the trial court's jury instructions.[15] The district court ultimately denied Martinez's Section 2255 motion,[16] and the Sixth Circuit denied a certificate of appealability.[17]

Martinez now attempts to collaterally attack his convictions in this Court through Section 2241. However, because this Court does not have jurisdiction to entertain Martinez's petition, it must be dismissed.

## II. DISCUSSION

Martinez primarily contends that he is "actually innocent" of his offenses of conviction based on two Supreme Court decisions: *Ruan v. United States*, 597 U.S. __, 142 S. Ct. 2370 (2022), and *Burrage v. United States*, 571 U.S. 204 (2014). Martinez, however, cannot meet the stringent savings clause requirements in 28 U.S.C. § 2255(e) and therefore this Court is without jurisdiction to consider his Section 2241 petition.

Generally, the presumptive method for bringing a collateral challenge to the validity of a federal conviction or sentence is a motion to vacate pursuant to 28 U.S.C. § 2255.[18] Only in the exceedingly rare circumstance where a Section 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention"

---

[15] *Id.* at *3-4.
[16] *See id.* at *5-6.
[17] *Martinez v. United States*, No. 19-3497, 2019 WL 11706087 (6th Cir. Sept. 27, 2019) (nonprecedential).
[18] *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citation omitted).

can a federal prisoner proceed under Section 2241 instead of Section 2255.[19]

For many years, the law in the Third Circuit (and the majority of other circuits) was that this "savings clause" in Section 2255(e) applied when an intervening change in controlling, substantive law renders the petitioner's prior conduct noncriminal.[20] In other words, for more than two decades, the Third Circuit held that Section 2255(e) permitted a federal prisoner to resort to Section 2241 when he "had no earlier opportunity to challenge" a conviction for a crime "that an intervening change in substantive law may negate."[21]

On June 22, 2023, however, the Supreme Court of the United States decided *Jones v. Hendrix*, abrogating—among other circuit court decisions—*In re Dorsainvil*[22] and affecting a sea change in habeas practice with regard to Section 2241 petitions.[23] The *Jones* Court explicitly held that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition."[24]

---

[19] *See* 28 U.S.C. § 2255(e) (sometimes referred to as the "safety valve" provision or "savings clause"); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997), *abrogated by Jones v. Hendrix*, 599 U.S. __, 143 S. Ct. 1857 (2023).
[20] *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 179-80 (3d Cir. 2017) (collecting cases).
[21] *Id.* at 180 (quoting *Dorsainvil*, 119 F.3d at 251).
[22] 119 F.3d 245 (3d Cir. 1997), *abrogated by Jones v. Hendrix*, 599 U.S. __, 143 S. Ct. 1857 (2023).
[23] *See Jones*, 143 S. Ct. at 1868.
[24] *Id.* at 1864.

Rather, Section 2255(e)'s savings clause is reserved for exceedingly rare situations where it is "impossible or impracticable to seek relief in the sentencing court," such as when the sentencing court dissolves or when the prisoner is unable to be present at a necessary hearing.[25]  The savings clause also "preserves recourse to § 2241 . . . for challenges to detention other than collateral attacks on a sentence."[26]  In all other circumstances, a convicted prisoner's *only* avenue for filing a second or successive Section 2255 motion attacking his sentence is expressly codified in 28 U.S.C. § 2255(h): "newly discovered evidence,"[27] or "a new rule of constitutional law."[28] [29]

The Court will take Martinez's arguments in reverse order.  First, *Burrage* affords him no relief, as *Burrage* was decided in 2014 and Martinez had the opportunity to raise, and did indeed raise, this claim in his Section 2255 post-conviction proceedings.  Both the district court and the Sixth Circuit rejected Martinez's arguments based on *Burrage*,[30] and this Court has no jurisdiction or authority to review or reconsider such determinations.

Martinez also attempts to rely on *Ruan v. United States*, 597 U.S. __, 142 S. Ct. 2370 (2022).  In *Ruan*, the Supreme Court held that, to convict a medical

---

[25] *See id.* at 1866-67, 1868.
[26] *Id.* at 1868.
[27] 28 U.S.C. § 2255(h)(1).
[28] *Id.* § 2255(h)(2).
[29] *Jones*, 143 S. Ct. at 1868, 1869.
[30] *See Martinez*, 2019 WL 11706037, at *3.

professional under 21 U.S.C. § 841 for dispensing controlled substances not "as authorized," "[a]fter a defendant produces evidence that he or she was authorized to dispense controlled substances, the Government must prove beyond a reasonable doubt that the defendant knew that he or she was acting in an unauthorized manner, or intended to do so."[31]  The decision in *Ruan* followed a similar Supreme Court decision in *Rehaif v. United States*, 588 U.S. __, 139 S. Ct. 2191 (2019), dealing with the *mens rea* necessary for a conviction under 18 U.S.C. § 922(g).[32]

The Court need not, and indeed cannot, reach the merits of Martinez's *Ruan*-based argument.  That is because *Ruan*—an intervening change in statutory interpretation—no longer qualifies for the savings clause in Section 2255(e) following the Supreme Court's decision in *Jones v. Hendrix*.[33]  Thus, Martinez, who has already filed at least one Section 2255 motion, cannot use Section 2255(e) and Section 2241 to attempt to collaterally attack his convictions based on *Ruan*'s intervening change in statutory interpretation (nor based on *Burrage*).  If Martinez wants to file a second or successive Section 2255 motion, he must satisfy the stringent standards set forth in 28 U.S.C. § 2255(h).[34]

---

[31]  *Ruan*, 142 S. Ct. at 2375,
[32]  In *Rehaif*, the Supreme Court held that, to convict a defendant under 18 U.S.C. § 922(g), the prosecution "must show that the defendant knew he possessed a firearm [or ammunition] and also that he knew he had the relevant status [as a person not to possess] when he possessed it." *Rehaif*, 139 S. Ct. at 2194.
[33]  *See Jones*, 143 S. Ct. at 1864.
[34]  *See id.* at 1868, 1869.

In short, Martinez's collateral challenge cannot proceed under the savings clause and Section 2241. Accordingly, the Court must dismiss Martinez's Section 2241 petition for lack of jurisdiction.[35]

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss Martinez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[35] *See Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538, 539 (3d Cir. 2002).